## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUILLENS STEVENS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-2467 |
| | : | |
| PHILLY LIV BACON LLC *et al.*, | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

**SCHMEHL, J. /s/ JLS**                                                **July 22, 2024**

Plaintiff Quillens Stevens, who is proceeding *pro se*, has filed this civil action alleging that he was discriminated and retaliated against by his employer, Philly Liv Bacon LLC, d/b/a Wendy's ("Wendy's").  Stevens seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Stevens leave to proceed *in forma pauperis* and dismiss his Complaint.  Stevens will be given an opportunity to cure the deficiencies identified by the Court by filing an amended complaint.

### I.      FACTUAL ALLEGATIONS

Stevens avers that he was employed as the General Manager at the Wendy's located in Whitehall, Pennsylvania from April 25, 2022 through April 25, 2023.[1]  (*See* Compl. at 2, ECF

---

[1]      Stevens has named his employer, Wendy's, as well as its parent company, Yellow Cab Holdings LLC ("YCH"), as Defendants.  (Compl. at 2.)  Stevens asserts that YCH establishes and enforces employment policies across all of its YCH Wendy's franchises, including the Whitehall location.  (*Id.*)

No. 2.)[2]  He alleges that he was hospitalized for an unspecified "serious medical condition" on March 29, 2023, and obtained a doctor's note dated April 3, 2023, indicating that he should be excused from work until April 25, 2023.  (*Id.*; *see also* ECF No. 2-1 at 6.)

Stevens was hospitalized on March 29, 2023, and on that same day, he verbally "disclosed his qualifying disability and need for FMLA leave to James Miller,"[3] who is identified in the Complaint as a District Manager for Wendy's.  (*Id.* at 2.)  Stevens does not specifically allege his "qualifying disability" in the Complaint, instead noting that "the specific disability will be further clarified upon consultation with counsel."  (*Id.* at 2-3.)  Stevens alleges that Wendy's response to his verbal request for FMLA leave was inadequate.  (*Id.* at 3.)  Specifically, he avers that the response failed to inform him of his rights and procedures under the FMLA, as mandated by 29 C.F.R. § 825.301, and "constituted blatant interference with [his] FMLA rights."  (*Id.*)

Stevens allegedly communicated his return to work plans with Elena Kurza, Vice President of Operations, on April 11, 2023.  (*Id.*)  On April 14, 2023, Stevens was informed by Kurza that his "General Manager position was 'no longer available.'"  (*Id.*)  Because this occurred within "close temporal proximity" to his FMLA leave request and prior discrimination complaints, Stevens avers that it was a "blatant act of retaliation in violation of Title VII."  (*Id.*)  Stevens alleges that he was offered a lesser position, Assistant General Manager, at a "significantly lower pay rate."  (*Id.*)  He avers that "no legitimate, non-discriminatory reason" was provided for this demotion.  (*Id.*)

---

[2]     The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.
[3]     Stevens asserts that he filed prior discrimination complaints against Miller on February 15, 2023, but he does not provide any additional facts concerning those alleged complaints.  (Compl. at 3.)

Based on the allegations of his Complaint, the Court understands Stevens to be asserting claims of discrimination and retaliation pursuant to:  (1) Title VII of the Civil Rights Act, which prohibits employment discrimination based on race, color, gender/sex, religion, and national origin; (2) the Americans with Disabilities Act ("ADA"), which prohibits employment discrimination based on an employee's disability or perceived disability; and (3) the Family Medical Leave Act ("FMLA").  (*Id.* at 1-3.)  Stevens also avers that the Pennsylvania Wrongful Discharge Act, 42 Pa. Cons. Stat. § 8331, prohibits employers from discharging an employee for taking FMLA leave.  (*Id.* at 4.)

Stevens filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue Letter on April 2, 2024.  (*Id.* at 1; ECF No. 2-1 at 1-5.)  He seeks injunctive relief, lost wages and benefits, and monetary damages. (Compl. at 4-7.)

## II.    STANDARD OF REVIEW

The Court grants Stevens leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.   Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all

reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

"[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). To state an employment discrimination claim, as with any other claim, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 213 (quotations omitted). Because Stevens is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Finally, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

- 4 -

### III.   DISCUSSION

#### A.   Title VII Claims

Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin.  *See E.E.O.C. v. Allstate Ins. Co*., 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)).  In general, to plead a *prima facie* case of employment discrimination, a plaintiff must allege that:  (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv*., 352 F.3d 789, 797 (3d Cir. 2003).  Although it is not necessary for a plaintiff to allege a *prima facie* case at the pleading stage, a plaintiff still must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him.  *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 789 (3d Cir. 2016); *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (*per curiam*) (explaining that to survive a motion to dismiss a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead facts that plausibly connect his national origin to his discharge").

Federal law also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes.  *See* 42 U.S.C. § 2000e-3; *E.E.O.C.*, 778 F.3d at 449.  A plaintiff states a retaliation claim if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) [he] engaged in conduct protected

by Title VII; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Connelly*, 809 F.3d at 789; *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997). A general complaint about unfair treatment does not constitute protected activity; a plaintiff must show that he complained specifically about unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

Stevens failed to include in his Complaint any substantive factual allegations to support the elements of a claim based either on discrimination or retaliation under Title VII. As to discrimination, Stevens has not alleged his membership in any protected class under Title VII, let alone provided sufficient facts to raise an inference that his demotion was related to his membership in that class. *See Culler v. Sec'y of U.S. Veterans Affairs*, 507 F. App'x 246, 249 (3d Cir. 2012) (*per curiam*) (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007)); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (*per curiam*) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to").

As to retaliation, he has not specifically identified the subject of the "prior discrimination complaints" other than to note that those complaints were filed against Miller on February 15, 2023. Accordingly, he has not alleged that he engaged in activity protected by Title VII, nor has he pled a causal connection between his unidentified complaints and his eventual demotion. *See, e.g.*, *Booker v. Nat'l R.R. Passenger Corp.*, 880 F. Supp. 2d 575, 582 (E.D. Pa. 2012) (concluding that plaintiffs failed to state a claim for retaliation where they "merely allege[d] in conclusory terms that [one plaintiff] 'has been retaliated against' for his complaints, and that defendant 'is

responsible for retaliating against' them" (citations omitted)).  In the absence of specific facts on these points, Stevens cannot state a plausible claim for retaliation.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Culler*, 507 F. App'x at 249 (explaining that "[t]he discrimination must be 'because of' the employee's protected status or activity" (quoting *Andreoli*, 482 F.3d at 644)).  Stevens's Title VII claims will be dismissed without prejudice.

### B.    ADA Claims

Title I of the ADA prohibits employment discrimination on the basis of disability.  42 U.S.C. §§ 12112 *et seq*.  To state a plausible claim for employment discrimination under the ADA, a plaintiff must allege that he is a "qualified individual with a disability" within the meaning of the ADA and that he suffered an adverse employment decision as a result of the discrimination. *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001).  To establish a *prima facie* case of discrimination under the ADA, "an employee must show that [he]: (1) is disabled; (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by [his] employer; and (3) has suffered an adverse employment action as a result of [his] disability, including [his] employer's refusal to make reasonable accommodation for [his] disability."  *Keyhani v. Trs. of Univ. of Pa.*, 812 F. App'x 88, 91 (3d Cir. 2020) (*per curiam*) (quoting *Hohider v. United Parcel Serv. Inc.*, 574 F.3d 169, 186 (3d Cir. 2009)).  "A person qualifies as 'disabled' under the ADA if he: (1) has a physical or mental impairment that substantially limits one or more of his major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment."  *Keyes v. Catholic Charities of the Archdiocese of Phila.*, 415 F. App'x 405, 409 (3d Cir. 2011) (citing 42 U.S.C. § 12102(2)).  Major life activities

include "those activities that are of central importance to daily life" and includes functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *Toyota Motor Mfg. Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002); *Sutton v. United Air Lines*, 527 U.S. 471, 480 (1999).

Stevens has not alleged any facts to suggest that he suffered from a disability or was regarded as having a disability within the meaning of the ADA. Indeed, Stevens does not describe or identify any disability for this Court to discern whether he is a person who qualifies as disabled under the ADA. In other words, Stevens has not alleged facts to raise a plausible inference that his demotion at work was motivated by his disability (or perceived disability). In the absence of such allegations, he cannot state a claim for employment discrimination in violation the ADA and his claims will be dismissed without prejudice.

### C.     FMLA Claims

Stevens alleges interference and retaliation under FMLA. Under the FMLA, an "eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period" for, *inter alia*, a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). An employer may not retaliate against an employee for requesting or taking FMLA leave. *See* 29 U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."). To state an FMLA retaliation claim, a plaintiff must show that (1) he "invoked" his right to "FMLA-qualifying leave"; (2) he "suffered an adverse employment decision"; and (3) "the adverse action was causally related to his invocation of rights." *Ross v. Gilhuly*, 755 F.3d 185, 193 (3d Cir. 2014). With respect to the first element, the plaintiff must show that he was protected under the FMLA and that he requested

FMLA leave.  To allege protection under the FMLA, the plaintiff must establish that he "was an eligible employee under the FMLA" and that he was "entitled to FMLA leave." *Capps v. Mondelez Glob.*, LLC, 847 F.3d 144, 155 (3d Cir. 2017); *see also* 29 U.S.C. § 2611 (describing who qualifies as an "eligible employee" under the FMLA).  To be eligible for FMLA leave, an employee must have been employed "for at least 1,250 hours of service with [the] employer during the previous 12-month period."  *See Head v. City of Philadelphia*, 627 F. Supp. 3d 444, 447 (E.D. Pa. 2022) (citing 29 U.S.C. § 2611(2)(A)).

To the extent that Stevens alleges interference and retaliation claims under the FMLA, he has failed to state plausible claims.  He does not allege any facts supporting an inference that he was an eligible employee and that he was entitled to FMLA leave.  *See White v. SP Plus Corp.*, 858 F. App'x 488, 490 (3d Cir. 2021) (*per curiam*) (affirming dismissal of FMLA retaliation claim because, *inter alia*, the plaintiff "did not allege sufficient facts from which one could infer that he was eligible for or entitled to FMLA leave").  Accordingly, Steven's FMLA claims, including any retaliation claims he intended to assert under the FMLA will be dismissed without prejudice.

### D.    State Law Claims

Because the Court has dismissed Stevens's federal law claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.[4]  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which " the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

---

[4]     Stevens alleges a violation of the Pennsylvania Wrongful Discharge Act, which he asserts is codified at 42 Pa. Cons. Stat. § 8331.  (Compl. at 4.)  Stevens is incorrect as to his citation, however, as that section provides civil immunity to physicians or qualifying healthcare personnel who render care at the scene of an emergency and is otherwise known as Pennsylvania's "Good Samaritan Act."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). An individual is a citizen of the state where they are domiciled, meaning the state where they are physically present and intend to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state where it has its principal place of business as well as the state of its incorporation. 28 U.S.C. § 1332(c)(1). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*,  2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020). Since the Complaint is silent on the citizenship of the parties, Stevens has not met his burden for establishing a basis for diversity jurisdiction over any state law claims, and his state law claims will be dismissed for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Stevens leave to proceed *in forma pauperis* and dismiss his federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Stevens's state law claims will be dismissed for lack of subject matter jurisdiction. The Court will permit Stevens an opportunity to file an amended complaint in the event he can address the defects the Court has noted. An Order follows, which provides further guidance regarding amendment.